UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KRISTINE MCCAULEY, as Next Friend of J.M.,)
) Case No.: 4:15-CV00866 NAB
    Plaintiff, )
) **PLAINTIFFS DEMAND**
vs. ) **TRIAL BY JURY**
)
FRANCIS HOWELL SCHOOL DISTRICT, )
)
    Defendant. )

## SECOND AMENDED COMPLAINT

JURISDICTION AND VENUE

1. Count I of this action arises under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. §§ 1983 and 1988. Count II of this action is brought under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182. Count III arises under § 504 of the Rehabilitation Act of 1973. The Court has jurisdiction over Counts I, II and III pursuant to 42 U.S.C. § 1331. Count IV arises under the Missouri Human Rights Act, RSMo. § 213.010 et seq., over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper before this Court as the unlawful acts committed occurred in St. Charles County, State of Missouri, pursuant to 28 U.S.C. Section 1391.

PARTIES

3. Plaintiff K.M. is the biological mother of Plaintiff J.M. born in 2006. At all times relevant herein, Plaintiffs were citizens of the United States, and residents of St. Charles County, Missouri.

4. Defendant Francis Howell School District (hereinafter "Defendant") is an educational institution financed through public funds and is located in St. Charles County, Missouri. At all times herein, Defendants' acts and omissions were committed by employees acting in the scope and course of their employment, under color of law, and pursuant to official custom, policy and practices.

STATEMENT OF FACTS

5. Plaintiff J.M. has been diagnosed with the following disabilities since the age of five (5) and after: attention deficit hyperactivity disorder ("ADHD"); autism spectrum disorder ("ASD"); anxiety disorder ("AD"); separation anxiety disorder ("SAD"); generalized anxiety ("GA"); panic disorder ("PD"); and Asperger's/autism spectrum disorder. Because of these disabilities, J.M. was always under an Individualized Education Program ("IEP"), as a student who qualifies as disabled under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.

6. J.M. started attending kindergarten in the Francis Howell School District – Central Elementary in the 2011/2012 school year. For first grade (2012/2013), he remained in Central Elementary. In second grade (2013/2014), he again attended Central Elementary. In the third grade (2014/2015), he began to attend Fairmount Elementary School, also in the Francis Howell School District.

7. Between January 2012 and September 2013, J.M. had been repeatedly placed in isolation (11 times that K.M. discovered) during first and second grade without K.M.'s knowledge, without K.M.'s consent, and in violation of the School District's own policies. J.M. was suspended between September and early December 2013. Between February 2014 and September 5, 2014, J.M. was placed in physical restraints for half of the time he actually spent at

Defendant's schools. Defendant's employees and agents had used isolation and restraint as a disciplinary tool, for their own convenience and in violation of their own policies.

8. After Plaintiff Kristine McCauley discovered the unauthorized use of isolation and restraint, she contacted school district officials to have the isolation immediately stopped, and consented only to restraint on a basis of necessity. She did not consent to isolation in the IEP team meetings. Plaintiff therefore satisfied all exhaustion of what could be considered IDEA remedies. *Muskrat v. Deer Creek Public Schools*, 715 F.3d 775 (10th Cir. 2013).

9. K.M. removed J.M. permanently from Francis Howell School District on September 5, 2014, when he came home with bruises all about his body from being restrained by teachers and paraprofessionals. On September 24, 2014, J.M. was diagnosed with post traumatic stress disorder ("PTSD") arising from constant restraints and past isolations.

## MISSOURI LAW RELATED TO ISOLATION AND RESTRAINT

10. The Revised Statutes of Missouri, § 160.263 required all local school boards of education in the State of Missouri to adopt comprehensive written policies defining "restraint", "seclusion", "time out", and the circumstances under which restrictive behavior intervention would be allowed and prohibited. Each board was required to have these policies in place by July 1, 2011. The Missouri Department of Elementary and Secondary Education ("DESE") adopted and published model policies for school districts' use in July 2010.

## FRANCIS HOWELL'S REGULATIONS REGARDING ISOLATION AND RESTRAINT

11. Francis Howell School District adopted and published their written policy on "Seclusion and Restraint" as Policy Number 2770, on May 1, 2011. Their policy "Isolation" is as follows: "Isolation" defined:

"Isolation - The confinement of a student alone in an enclosed space without locking hardware. Isolation does not include supervised in-school suspension, detention or time-out used as disciplinary consequences in accordance with the district's student discipline code.

**Isolation**

Isolation shall only be used:

1. in an emergency situation, or
2. when less restrictive measures have not effectively de-escalated the situation and the school has a plan for how to respond in such situations, or
3. with parental approval as specified in a student's IEP, Section 504 plan or other agreed-upon plan to address a student's behavior.

Isolation shall never be used as a form of punishment or for the convenience of district personnel.

A student in isolation must be monitored by district personnel who are in close proximity and able to see and hear the student at all times. Monitoring shall be face to face unless personal safety is significantly compromised, in which case technology-supported monitoring may be utilized. The total time in isolation is to be reasonably calculated based on the age of the student and the circumstances, and is not be exceed 40 minutes without a reassessment of the situation and consultation with parent(s)/guardian(s) or administrative staff unless otherwise specified in an IEP, Section 504 plan or other parentally agreed-upon plan to address a student's behavior.

**Physical Restraint**

Physical restraint shall only be used:
1. in an emergency situation, or
2. when less restrictive measures have not effectively de-escalated the situation and the school has a plan for how to respond in such situations, or
3. with parental approval as specified in a student's IEP, Section 504 plan or other agreed-upon plan to address a student's behavior.

Physical restraint will:
1. only be used for as long as necessary to resolve the actual risk of danger or harm that warranted the use of physical restraint;
2. be no greater than the degree of force necessary to protect the student or other person from imminent bodily injury or to personal property;
3. not place pressure or weight on the chest, lungs, sternum, diaphragm, back, neck or throat that restricts breathing; and

4

4. only be done by district personnel trained in the proper use of physical restraint.

District personnel who use physical restraint shall only use restraint methods in which they have received district-approved training. Further, district personnel who use physical restraint may only do so in the presence of a least one (1) additional adult who is in the line of sight unless no other adults is immediately available due to an unforeseeable emergency situation.

Physical restraints should never be used as a form of punishment or for the convenience of district personnel.

**Notice to Parent(s)/Guardian(s)**

Except as otherwise specified in a student's IEP or Section 504 plan, following an emergency situation involving the use of seclusion, isolation or restraint, the parent(s)/guardian(s) of the student shall be notified through verbal or electronic means of the incident as soon as possible, but no later than the end of the day of the incident.

The parent(s)/guardian(s) shall receive a written report of the emergency situation within five (5) school days of incident. The written report shall include all of the following:

1. Date, time of day, location, duration and description of the incident and interventions
2. Event(s) that led up to the incident
3. Nature and extent of any injury to the student
4. Name of an employee the parent(s)/guardian(s) can contact regarding the incident
5. Plan to prevent the need for future use of seclusion, isolation or restraint

**Students with Disabilities**

If the IEP or Section 504 plan of a student with a disability includes the use of seclusion, isolation, restraint or aversive behavior intervention:

1. the IEP or Section 504 plan must specify the conditions under which seclusion, isolation, restraint or aversive behavior intervention may be used;
2. the IEP or Section 504 plan must include steps to eliminate the need for the use of seclusion, isolation, restraint or aversive behavior intervention; and
3. any use of seclusion, isolation, restraint or aversive behavior intervention must be limited to what is set forth in the IEP or Section 504 plan.

Before adding the use of seclusion, isolation, restraint or aversive behavior

5

intervention to an IEP or Section 504 plan, the student must have undergone appropriate assessments including, but not limited to, a formal functional behavior assessment; and the student must have a BIP or Positive Behavior Support Plan in place."

12. J.M. was repeatedly placed in isolation without K.M.'s knowledge or consent, nor was a behavioral assessment even performed for the isolations to occur. After the isolations, J.M. was physically restrained for half the time period he attended classes at Defendant's schools.

13. J.M. has horrific memories of this School District, and was diagnosed with post traumatic stress disorder as of September 24, 2014 due to the isolations and restraints.

## COUNT I
### Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. §§ 1983 and 1988

14. Plaintiff hereby incorporates by reference paragraphs 1 – 13, as though fully set forth herein.

15. At all times mentioned above, Plaintiff was entitled to the educational services and protections available under the Individuals with Disabilities Education Act of 1975.

16. Defendant repeatedly and consistently violated the Equal Protection Clause of the Fourteenth Amendment by placing J.M. in isolation without K.M.'s knowledge and consent, and physically restraining J.M. over the protests of K.M.

17. As a direct and proximate result of Defendant's acts, Plaintiff has suffered the loss of experiencing a normal educational life, mental and emotional distress, embarrassment, and humiliation.

18. As a direct and proximate result of Defendant's conduct, Plaintiff has incurred the costs of this action to redress the wrongs inflicted upon him.

19. Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, respectfully requests this Court enter Judgment in favor of Plaintiff K.M. against Defendant for compensatory damages, costs of this action and attorney fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## COUNT II
### Violation of the Americans With Disabilities Act, 42 U.S.C. § 12182
### (Failure to Provide Reasonable Accommodation)

20. Plaintiff hereby incorporates by reference paragraphs 1 – 19, as though fully set forth herein.

21. At all times mentioned above, Plaintiff was a qualified individual with a disability as defined by the Americans with Disabilities Act. He was at all times entitled to reasonable accommodations for that disability.

22. Defendant repeatedly and consistently violated Plaintiff's rights by utilizing isolation and restraint on J.M. which were not permitted within his IEPs.

23. As a direct and proximate result of Defendant's acts, Plaintiff J.M. has suffered severe mental and emotional distress, embarrassment, and humiliation.

24. As a direct and proximate result of Defendant's conduct, Plaintiff has incurred the costs of this action to redress the wrongs inflicted upon him.

25. Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to 42 U.S.C. § 12182.

WHEREFORE, Plaintiff, respectfully requests this Court enter Judgment in favor of Plaintiff K.M. against Defendant for compensatory damages, costs of this action and attorney fees pursuant to 42 U.S.C. § 12182.

## COUNT III
### Violation of § 504 of the Rehabilitation Act of 1973

26. Plaintiff hereby incorporates by reference paragraphs 1 – 25, as though fully set forth herein.

27. Defendant's conduct of isolating and restraining Plaintiff J.M. denied him, because of his disability, participation in and the benefits of a public education.

28. As a direct and proximate result of Defendant's acts, Plaintiff J.M. has suffered severe mental and emotional distress, embarrassment, and humiliation.

29. As a direct and proximate result of Defendant's conduct, Plaintiff has incurred the costs of this action to redress the wrongs inflicted upon him.

30. Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to 29 U.S.C. § 504.

WHEREFORE, Plaintiff, respectfully requests this Court enter Judgment in favor of Plaintiff K.M. against Defendant for compensatory damages, costs of this action and attorney fees under 29 U.S.C. § 504.

## COUNT IV
### Violation of Missouri Human Rights Act, RSMo. § 213.010 et seq.
### (Disability Discrimination)

31. Plaintiff hereby incorporates by reference paragraphs 1 – 30, as though fully set forth herein

32. Defendant has violated the Missouri Human Rights Act, RSMo. § 213.010 et seq. by discriminating against J.M. because of his disability. As a direct and proximate result of Defendant's acts, Plaintiff J.M. has suffered severe mental and emotional distress, embarrassment, and humiliation.

8

33. Defendant's conduct was committed with deliberate indifference to and reckless disregard for the rights of J.M., thereby entitling J.M. to the award of punitive damages.

34. J.M. is further entitled to the recovery of the costs of this action and his attorney's fees.

35. On January 21, 2015, Plaintiff K.M. timely filed her Charge of Discrimination with the Missouri Commission on Human Rights. On June 8, 2015, Plaintiff received her Notice of Right to Sue from the Missouri Commission on Human Rights, and she has filed this Complaint within ninety (90) days of its issuance.

WHEREFORE, Plaintiff, respectfully requests this Court enter Judgment in favor of Plaintiff K.M. against Defendant for compensatory damages, punitive damages, costs of this action, and attorney fees.

Respectfully submitted,

THE BAGSBY LAW FIRM

/s/   Larry A. Bagsby
Larry A. Bagsby, #37296
125 North Main Street, Suite 204
St. Charles, MO  63301
(636) 244-5595 telephone
(636) 244-5596 facsimile
larrybagsby@aol.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed or served upon the following via this Court's e-filing system this 21st day of September, 2015, to:

Cindy Reeds Ormsby
Kathryn B. Forster
Angela Bullock Gabel
Crotzer & Ormsby, LLC
130 S. Bemiston Avenue, Suite 602
St. Louis, MO  63105
*Attorneys for Defendant*

/s/   Larry A. Bagsby