UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KRISTINE MCCAULEY, as Next Friend of J.M., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-CV-866 NAB |
| | ) | |
| FRANCIS HOWELL SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER[1]

This matter is before the Court on Defendant Francis Howell School District's Motion to Dismiss Plaintiff's Second Amended Complaint. [Doc. 27.] Plaintiff Christine McCauley, as next friend of J.M., filed a Memorandum in Opposition and Defendant filed a Reply Brief. [Docs. 30, 31.] For the following reasons, the Court will grant Defendant's Motion.

**I.     Background**

Plaintiff filed a Second Amended Complaint on October 5, 2015. In this Complaint, Plaintiff alleges that Defendant violated J.M.'s rights under the Fourteenth Amendment and 42 U.S.C. §§ 1983, 1988, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182, § 504 of the Rehabilitation Act of 1973, and the Missouri Human Rights Act (MHRA). Defendant filed an Answer to Plaintiff's Second Amended Complaint and a Motion to Dismiss. [Docs. 26, 27.]

**II.    Standard of Review**

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d

---
[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 19.]

1046, 1050 (8th Cir. 2006). Federal Rule of Civil Procedure 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction over a claim. To dismiss an action under Rule 12(b)(1), the complaint must either be successfully challenged on the factual truthfulness of its assertions, or successfully challenged on its face. *Archdiocese of St. Louis, v. Sebelius*, No. 4:12-CV-924 JAR, 2013 WL 328926 at *4 (E.D. Mo. Jan. 29, 2013). A court deciding a motion under Rule 12(b)(1) must distinguish between a facial attack and a factual attack on jurisdiction. *Osborn v. U.S.*, 918 F.2d 724, 729, n. 6 (8th Cir. 1990). In a facial attack, the court restricts itself to the face of the pleadings and in a factual attack, the court considers matters outside the pleadings. *Id.* Because the Defendant's motion is a facial attack regarding jurisdiction, the non-moving party receives the same protections it would have in defending a motion under Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. Discussion

#### A. Federal Law Claims

Defendant contends that Plaintiff failed to exhaust administrative remedies under the Individuals with Disabilities Education At (IDEA), 20 U.S.C. § 1400 *et seq.* before bringing her claims in this court; therefore her claims should be dismissed. "School districts that accept federal funds under the IDEA must provide each qualifying disabled child within their jurisdictions with a free appropriate public education." *Blackmon ex rel. Blackmon v. Springfield*

*R-XII Sch. Dist.*, 198 F.3d 648, 658 (8th Cir. 1999). "In the IDEA, Congress established procedural safeguards to ensure individuals with disabilities will have the opportunity to obtain a free appropriate public education." *J.B. ex rel. Bailey v. Avilla R-XIII Sch. Dist.*, 721 F.3d 588, 592 (8th Cir. 2013) (citing 20 U.S.C. § 1415(a)). "The primary tool for implementing the aims of the IDEA is the IEP[2], which tailors the statutorily required free appropriate public education to each child's unique needs." *Id.* (citing *Honig v. Doe*, 484 U.S. 305, 311 (1987)). "The other safeguards include an opportunity to present complaints concerning any aspect of the local agency's provision of a free appropriate public education; and an opportunity for an impartial due process hearing with respect to any such complaints." *Id.* (citing *Honig* at 310-11). "A party aggrieved by the outcome of an IDEA due process hearing may challenge the outcome before the state educational review agency." *Id.* "The outcome of the review hearing may then be disputed in district court." *Id.* (citing 20 U.S.C. § 1415(i)(2)(A)). "However, before parties may bring a claim in district court under a different statute for which they seek relief which is also available under the IDEA, the parties must first exhaust the administrative remedies under the IDEA." *Id.* (citing 20 U.S.C. § 1415(l)). The IDEA provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

---

[2] An IEP consists of a detailed written statement arrived at by a multi-disciplinary team specifying the services, including specially designed instruction, that a child will receive." *Aumann v. Wentzville R-IV School Dist.*, No. 4:13-CV-867 CEJ, 2014 WL 1648742 at *2 (E.D. Mo. Apr. 23, 2014).

20 U.S.C. § 1415(l). "The IDEA exhaustion requirement applies to claims brought under section 504 or other federal statutes only to the extent those claims seek relief that is also available under the IDEA." *M.Y. ex rel J.Y. v. Special Sch. Dist. No. 1*, 544 F.3d 885, 888 (8th Cir. 2008).

Because the Plaintiff did not follow the IDEA due process complaint process before starting this action, the only questions before the Court are whether Plaintiff seeks relief available under the IDEA and, if so, whether an exception to the IDEA exhaustion requirement applies. *J.B.*, 721 F.3d at 593.

### 1. Tort Claims

In response to Defendant's Motion to Dismiss based on failure to exhaust administrative remedies, Plaintiff contends that she is not seeking remedies of any kind under the IDEA. Plaintiff asserts that her federal claims are recognized as common law torts; therefore, it would be futile to exhaust administrative remedies and any remedies under the IDEA would be inadequate. Plaintiff states that she is only seeking compensatory damages for physical injuries and post-traumatic stress disorder. Plaintiff asserts that "nowhere" in the Second Amended Complaint is she seeking compensatory educational services under the IDEA. Plaintiff states that the claims in this lawsuit have nothing to do with an IEP- it has to do with common law torts being committed against J.M. Plaintiff alleges that the isolation and restraints committed against Plaintiff J.M. were physical, non-educational acts. Plaintiff alleges that Defendant committed torts of battery and false imprisonment. In Defendant's Reply Brief, Defendant states that if Plaintiff's factual claims are for physical non-educational services, the common law torts of battery and false imprisonment, Plaintiff's case must be dismissed, because the District is protected by sovereign immunity from suit regarding common law torts.

"It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). "Hence, in cases where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint." *Id.* In this case, Plaintiff cannot allege that she is seeking compensation for tort claims when Plaintiff voluntarily dismissed those claims by filing an amended complaint. [Docs. 13, 23.] Further, Plaintiff admits that any relief for common law torts is precluded by Defendant's sovereign immunity against such claims. A public school district is a state public entity that may claim sovereign immunity in tort actions. Mo. Rev. Stat. § 537.600. Sovereign immunity is waived in only two situations: (1) injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles in the course of their employment and (2) injuries caused by the conditions of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury. *Id.* Neither of those exceptions applies here. Plaintiff acknowledges that Defendant has produced its insurance policy which preserved sovereign immunity on those claims. Therefore, even if Plaintiff's complaint still contained tort claims, those claims would be dismissed based on sovereign immunity.

    2.    **Administrative Remedies**

The Court has carefully reviewed Plaintiff's Second Amended Complaint and finds that Plaintiff is asserting claims governed under the IDEA. In the Second Amended Complaint, Plaintiff alleges that J.M. was entitled to the educational services under the IDEA and Defendant repeatedly and consistently violated Plaintiff's rights by "utilizing isolation and restraint on J.M. which were not permitted within his IEPs" Sec. Am. Compl. ¶¶ 15, 22. The Second Amended

Complaint also states that "Defendant's conduct of isolating and restraining Plaintiff J.M. denied him, because of his disability, participation and the benefits of a public education." Sec. Am. Compl. ¶ 27. Plaintiff seeks compensatory damages, punitive damages (MHRA claim only), costs, and attorney's fees. Sec. Am. Compl. pp. 7-9. Compensatory damages and punitive damages are not available through the IDEA." *Bradley v. Ark. Dept. of Educ.*, 301 F.3d 952, 957 (8th Cir. 2002) (punitive damages not available); *J.B.*, 721 F.3d at 593 (citing *Heidemann v. Rother*, 84 F.3d 1021, 1033 (8th Cir. 1996)) (compensatory damages not available). Attorney's fees and costs are available. 20 U.S.C. § 1415(i)(3)(B). Therefore, Plaintiff seeks relief available under the IDEA and she was required to exhaust the administrative remedies unless an exception applies. *See J.B.*, 721 F.3d at 594.

There are three exceptions to the exhaustion requirement: (1) futility, (2) inability of the administrative remedies to provide adequate relief, and (3) the establishment of an agency policy or practice of general applicability that is contrary to law. *J.B.*, 721 F.3d at 594. "A court deciding to waive exhaustion should be guided by the policies underlying the exhaustion requirement." *Id.* Application of the exhaustion doctrine is intensely practical. *Bowen v. City of New York*, 476 U.S. 467, 484 (1986).

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Id.* Plaintiff contends that the exceptions of futility and inadequate remedy apply to this action. The Court disagrees. Plaintiff states that she contacted the district authorities regarding the use of isolation and restraint and consented to restraint on the basis of necessity. Plaintiff's claims involve issues that could be addressed in the administrative review process, specifically the

parties' interpretation of what was allowed under the IEP. "Exhaustion would have allowed the agency to develop the record for judicial review and apply its expertise to Plaintiff's claims." *J.B.*, 721 F.3d at 594-95. Further, on the record before the Court, Plaintiff has not shown that the IDEA's remedies would be inadequate. Plaintiff contends that she transferred J.M; therefore, they cannot provide him with compensatory education services. Plaintiff's decision to remove J.M. from the school district reflects an individual choice and does not indicate the adequacy of the remedy. *J.B.*, 721 F.3d at 595. Some of the relief Plaintiff seeks is available under the IDEA and exhaustion would not have been futile, therefore, the inadequate remedy exception does not apply. *Id.* Based on the foregoing, the Court will dismiss Counts I, II, and III for lack of subject matter jurisdiction for failure to exhaust administrative remedies.

### B. Dismissal of Remaining Claim to State Court

Because the Court has dismissed the claims governed by federal jurisdiction, the only claim remaining is the MHRA claim between non-diverse defendants. Under 28 U.S.C. § 1367(a), the court has supplemental jurisdiction over the MHRA claim. The district court may decline to exercise supplemental jurisdiction when, as in this case, it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The district court maintains discretion to either remand the state law claims or keep them in federal court. *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002). In the interest of comity, the Court declines to exercise its supplemental jurisdiction over the MHRA claim. This claim will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Francis Howell School District's Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED as to Counts I, II, and III**. [Doc. 27.]

**IT IS FURTHER ORDERED** that Count IV is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File in Excess of Page Limitation and Motion for Summary Judgment are **DENIED as moot**. [Docs. 33, 34.]

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 1st day of March, 2016.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE